IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALAN KENNEDY, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV01-H-1129-NE |
| BRUNO'S INC., a corporation; GREG DEES, individually and as an agent, servant and employee of Bruno's, Inc., | ) ) ) ) | |
| DEFENDANTS. | ) | |

**ENTERED**

JUL 2 5 2001

**MEMORANDUM OF DECISION**

The court has before it the motion filed May 11, 2001, with its several attachments, and the response of plaintiff filed June 4, 2001, with the attached affidavit of counsel for plaintiff. Pursuant to the June 8, 2001 order, the May 11, 2001 motion is treated as a motion for summary judgment as to all claims in the complaint, raising the sole ground that the applicable statute of limitations to each claim in the complaint had expired long before plaintiff commenced this action on April 16, 2001 in the Circuit Court of Madison County. The following are the relevant undisputed facts:[1]

---

[1] Even though the court's June 8, 2001 order invited evidence and a brief in opposition to the motion, plaintiff filed neither. The only evidence for plaintiff is the affidavit of his attorney attached to his June 4, 2001 response to the motion as a motion to dismiss.

13

1. The causes of action asserted against all defendants in the complaint filed April 16, 2001 arose at least by July 18, 1996.

2. The state law claims in the complaint are subject to a two-year statute of limitations.

3. The ADA claim in the complaint had to be commenced within 90 days after receipt of the right to sue letter, which was mailed October 31, 1997.

4. The corporate defendant filed a Chapter 11 bankruptcy petition on February 2, 1998, which tolled as of that date the running of any applicable statute of limitations as to the corporate defendant.

5. The running of the statute of limitations as to the claims against the individual defendant, which was not tolled by the bankruptcy petition, fully ran as of July 18, 1998. The claims in his April 16, 2001 complaint against Greg Dees are barred.

6. Current counsel for plaintiff filed on September 29, 1998 a claim for plaintiff against Bruno's in the bankruptcy proceedings.

7. The bankruptcy court approved a Chapter 11 reorganization of Bruno's on December 30, 1999, a notice of the entry of the confirming order was mailed

2

      on January 13, 2000 by the bankruptcy clerk to current counsel for plaintiff and Bruno's emerged from the Chapter 11 proceeding on January 27, 2000. Under ¶ 62 of the December 30, 1999 confirmation order, the 11 U.S.C. § 362 stay was lifted effective January 27, 2000, and the applicable statute of limitations resumed running.

8. While the 90-day period for filing an ADA claim likely expired just before the Chapter 11 bankruptcy was filed on February 2, 1998 it certainly had expired by early February 2000.

9. As noted earlier, the state law causes of action arose by July 18, 1996, and the applicable two-year (730 day) statute of limitations ran from then until interrupted 520 days later on December 30, 1999 by the filing of the Chapter 11 petition. Thus, when the tolling of the running of the statute was lifted on January 27, 2000, plaintiff had only 210 days within which to commence the action. The two-year applicable statute of limitations for the state law claims thus expired approximately September 5, 2000. This action was

        commenced April 16, 2001, over seven months after the statute of limitations had run.[2]

9. All claims asserted by plaintiff against Bruno's are barred by the applicable statute of limitations.

The court is of the opinion that there is no dispute as to any material fact and that defendants are entitled to a judgment as a matter of law. A separate final judgment will be entered.

DONE this 25th day of July, 2001.

                                       /s/ James H. Hancock
                                    SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The affidavit of plaintiff's attorney says he contacted "the office" of Bruno's bankruptcy counsel on May 22, 2000 and was informed that the automatic stay had not been lifted. This is simply too little too late since current counsel for plaintiff was also counsel who filed the claim for plaintiff in the bankruptcy court and to whom the clerk of that court mailed on January 13, 2000 the notice of the entry of the December 30, 1999 order of confirmation.